IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 22 B 04449 |
| Edward Johnson | ) | |
| | ) | HON. Timothy A. Barnes |
| | ) | CHAPTER 13 |
| DEBTOR. | ) | |

### NOTICE OF MOTION

TO:


Marilyn O. Marshall, Chapter 13 Trustee, 224 South Michigan Avenue, Suite 800, Chicago, IL 60604 (via electronic notice)

Patrick S Layng, Office of the U.S. Trustee, Region 11, 219 S Dearborn St, Room 873 Chicago, IL 60604; (via electronic notice)

See attached list of creditors.


Please take notice that on February 16, 2023 at 9:30 a.m., I shall appear before the HONORABLE Timothy A. Barnes or before any judge sitting in his place, either in courtroom 744 of the United States Bankruptcy Court, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below and present this motion to disgorge, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for government.**

You may appear electronically by video or by telephone.

To appear by video, use this link: https://www.zoomgov.com/join . Then enter the meeting ID and password.

To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

Meeting ID and password. The meeting ID for this hearing is 161 329 5276 and the password is 433658. The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he transmitted a copy of this notice and the attached motion to the above-named creditors via electronic notice or to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 20 S. Clark Street, Chicago, IL 60603 on January 24, 2023.

 /s/ *Michael Miller*
Attorney for the Debtor
The Semrad Law Firm, LLC
20 S. Clark Street, 28th Floor
Chicago, IL 60603
312-256-8728

```
Label Matrix for local noticing      PRA Receivables Management, LLC      U.S. Bankruptcy Court
0752-1                                PO Box 41021                         Eastern Division
Case 22-04449                         Norfolk, VA 23541-1021               219 S Dearborn
Northern District of Illinois                                              7th Floor
Eastern Division                                                           Chicago, IL 60604-1702
Mon Jan 23 23:26:47 CST 2023

Affirm Inc                            Affirm Inc                           Capital One
2828 N Clark St # 426                 2828 N Clark St # 426                P O Box 30253
Chicago Illinois 60657-8140           Chicago, IL 60657-8140               Salt Lake City, UT 84130-0253


(p)CAPITAL ONE                        Capital One Bank (USA), N.A.         Fed Loan Serv
PO BOX 30285                          by American InfoSource as agent      PO Box 60610
SALT LAKE CITY UT 84130-0285          4515 N Santa Fe Ave                  Harrisburg, PA 17106-0610
                                      Oklahoma City, OK 73118-7901


IRS                                   IRS                                  Illinois Department Of Healthcare & Family S
P.O. Box 7346                         P.O. Box 7346                        509 S 6th St
Philadelphia Pennsylvania 19101-7346  Philadelphia, PA 19101-7346          Springfield Illinois 62701-1809


(p)JEFFERSON CAPITAL SYSTEMS LLC      Law Offices Of Lauren A. Cohen       Otomo, Lisa
PO BOX 7999                           22 W Washington St                   7540 S Dr Martin Luther King Jr Dr
SAINT CLOUD MN 56302-7999             Chicago, Il 60602-1605               Chicago Illinois 60619-2208


Portfolio Recov Assoc                 Portfolio Recov Assoc                (p)PORTFOLIO RECOVERY ASSOCIATES LLC
120 Corporate Blvd Ste 1              POB 41067                            PO BOX 41067
Norfolk Virginia 23502-4952           Norfolk, VA 23541-1067               NORFOLK VA 23541-1067


REGIONAL MANAGEMENT CORPORATION       Regional Fin                         Regional Finance
979 BATESVILLE ROAD, SUITE B          2901 ALTA MERE DR. SUITE 1000        979 BATESVILLE RD STE B
GREER, SC 29651-6819                  FORT WORTH, TX 76116-4180            GREER South Carolina 29651-6819


Sylvia Rodriquez                      Synchrony Bank                       Turner Acceptance
3408 N. Kilbourn Ave.                 c/o PRA Receivables Management, LLC  3 Parkway North, Su 550S
Chicago, IL 60641-3804                PO Box 41021                         Deerfield, IL 60015-2566
                                      Norfolk, VA 23541-1021


Turner Acceptance Crp                 Edward Johnson                       Elizabeth Placek
5900 W Howard St                      3408 N Kilbourn Ave                  The Semrad Law Firm, LLC
Skokie, IL 60077-2627                 Chicago, IL 60641-3804               20 S. Clark
                                                                           28th Floor
                                                                           Chicago, IL 60603-1811


Marilyn O Marshall                    Megan Swenson                        Patrick Semrad
224 South Michigan Ste 800            The Semrad Law Firm, LLC             The Semrad Law Firm, LLC
Chicago, IL 60604-2503                20 S. Clark 28th Floor               20 S. Clark St, 28th Floor
                                      Chicago, IL 60603-1811               Chicago, IL 60603-1811
```

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Capital One Bank
PO BOX 85520
RICHMOND Virginia 23285

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

Portfolio Recovery Associates, LLC
c/o Paypal
POB 41067
Norfolk VA 23541

End of Label Matrix
Mailable recipients    30
Bypassed recipients     0
Total                  30

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 22 b 04449 |
| Edward Johnson ) | HON. Timothy A. Barnes |
| ) | CHAPTER 13 |
| DEBTOR. ) | |

## MOTION TO DISGORGE

NOW COMES the debtor, Edward Johnson by and through debtor's attorneys, The Semrad Law Firm, LLC and hereby moves this Honorable Court to enter an Order of disgorgement as follows:

### I.  Background

1. That the Debtor, Edward Johnson ("Debtor") filed a petition for relief pursuant to Chapter 13 on April 18, 2022.

2. The bankruptcy case was assigned to Chapter 13 Trustee, Marilyn O. Marshall ("Trustee").

3. The Debtor filed his Chapter 13 plan on April 29, 2022 with a monthly trustee payment of $500 per month for 36 months. *See* Bankruptcy Docket #11. Under the terms of the Chapter 13 plan, the Debtor proposes to pay his unsecured creditors 10%.[1]

4. The Debtor's case was dismissed prior to confirmation on January 19, 2023,

---

[1] The Debtor filed an amended plan on September 7, 2022, keeping the payment the same of $500 per month. *See* Bankruptcy Docket #31.

for unreasonable delay. *See* Bankruptcy Docket #63.

5. During the case and prior to dismissal the Debtor made a little over seven payments for a total of $3,692.16 to the Trustee. *See* Exhibit A.

6. From the funds paid by the Debtor, the Trustee paid herself $244.41 for its administrative fee. *Id.*

7. The Debtor objects to Trustee keeping the $244.41 she deducted for her commission fee because the Trustee lacks authority to retain fees in cases that are dismissed prior to confirmation of a plan, and moves this Court for an order directing the Trustee to disgorge $244.41 back to the Debtor..

Argument

II. **There is a split in the case law on whether a Chapter 13 Trustee may keep its fee when a case is dismissed prior to a case being confirmed.**

8. There currently is a split in the courts on whether a Chapter 13 Trustee may keep the fees deducted from payments from a debtor when a case fails and is dismissed pre-confirmation. There is no direct authority from neither the Seventh Circuit nor the United States Supreme Court.

9. The majority view including the recent Tenth Circuit Court of Appeals *Doll* case supports the Debtor and holds that the Chapter 13 Trustee must return the fee when a case is dismissed pre-confirmation. *See Goodman v. Doll (In re Doll)*, No. 22-1004 (10th Cir. Jan. 18, 2023); *In re Rivera*, 268 B.R. 292 (Bankr. D.N.M. 2001), *affirmed sub nom.*, *In re Miranda*, 285 B.R. 344, 2001 WL 1538003 (10th Cir. B.A.P. 2001); *In re Crespin*, No. 17-11234 TA13 2019 WL 2246540 (Bankr. D.N.M. May 23, 2019); *In re Lundy*, No. 15-32271, 2017

WL 4404271 (Bankr. N.D. Ohio Sep. 29, 2017); *In re Dickens*, 513 B.R. 906 (Bankr. E.D. Ark. 2014); *In re Acevedo*, 497 B.R. 112 (Bankr. D.N.M. 2013).

10. Whereas the minority view including two cases pending in the Second and Ninth Circuit Courts of Appeals holds the Chapter 13 Trustee is entitled to keep the commission on funds when a case is dismissed pre-confirmation. *See McCallister v. Evans*, 637 B.R. 144 (D. Idaho 2022) (currently on appeal in the Ninth Circuit Court of Appeals filed January 5, 2022); *Soussis v. Macco*, 2022 WL 203751 (E.D.N.Y. Jan. 24, 2022) (currently on appeal in the Second Circuit filed January 26, 2022); *Nardello v. Balboa (In re Nardello)*, 514 B.R. 105 (D.N.J. 2014).

11. This Court should adopt the better reasoned majority view and order the Trustee to disgorge the commission she collected since this case was dismissed pre-confirmation.

III. **Sections 28 U.S.C. § 586 (e)(2) and 11 U.S.C. § 1326(a) when read together unambiguously mandate that the Trustee must return any funds to a debtor when a case is dismissed pre-confirmation.**

12. Section 586(e)(2) provides that subchapter V, 11, 12, and 13 standing trustees shall collect a commission from all payments under plans. However, this section only discusses the source of funds *Doll*, No. 22-1004 at *12-13. This section is only requiring a trustee to collect a fee from payments made under plans, not actually keep the fees.

13. To understand when a Chapter 13 Trustee is allowed to keep the fee, Section 1326(a) explains this. Section 1326(a)(2) specifically states that:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as it is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

14. Parsing Section 1326(a)(2) shows there is no authority for the Chapter 13 Trustee to retain its fee when the case is dismissed pre-confirmation. The last sentence dictates what should happen when the chapter 13 plan is not confirmed in terms of who should be paid.

15. First, Section 1326(a)(2) says § 503(b) claims should be paid. Certain administrative expenses fall under § 503(b) such as attorney fees, but standing trustees and United States Trustee do not fall under § 503(b). *See Doll*, No. 22-1004 at *13-14. Thus, since the Trustee is not a § 503(b) claim, there is not authority for her to keep her fee.

16. Section 1326(a)(2) also authorizes the chapter 13 trustee to return "payments not previously paid and not yet due and owing to creditors pursuant to paragraph [§ 1326](a)(3).". However, Section 1326(a) deals with the use, sale, or lease of bankruptcy estate property when the court at a hearing is modifying pre-confirmation payments. Since this does not involve the Trustee, and there has been no hearing, this also does not authorize the Trustee to receive her fee as well. *Doll*, No. 22-1004 at *14.

17. Thus, while Section 586(e)(2) does authorize the Trustee to collect a fee, Section 1326(a)(2) mandates the Trustee returns this collected fee when a debtor's case fails pre-confirmation. This is further bolstered by the Bankruptcy Code's explicit treatment of how Subchapter V, Chapter 11, and Chapter 13 Trustees are entitled to keep their fee in unconfirmed cases.

18. Section 586(e)(2) also authorizes Subchapter V, Chapter 11, and Chapter 12 Trustees to collect their fees from debtor payments as well. However, the Bankruptcy Code explicitly allows the trustees in these chapters to keep their fees. Sections 1194(a) and (3) states if a plan is not confirmed Subchapter V and 11 Trustees should return any such payments to the debtor after deducting any fee owing to the trustee. Furthermore, Sections 1226(a) and (2) also allows a Chapter 12 trustee to deduct its fee and keep it when a plan is not confirmed.

19. Thus, the explicit instruction that Subchapter V, Chapter 11, and Chapter 12 Trustees can deduct their fees if a plan is not confirmed not only bolsters the Debtor's argument but also show that Congress knew how to allow Chapter 13 Trustees to keep their fees when a plan is not confirmed, but chose not to do so. *Doll.* No. 22-1004 at *16-17. And when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983). Thus, Congress did not authorize the Trustee to keep her fees since the Debtor's case was dismissed pre-confirmation.

IV. For the foregoing reasons, the Debtor respectfully requests an Order that the Chapter 13 Trustee disgorge its fees.

WHEREFORE, the Debtor respectfully requests that this Honorable Court to provide an order that the Chapter 13 Trustee disgorge her fee.

Respectfully Submitted,

 /s/ *Michael Miller*

Attorney for the Debtor

The Semrad Law Firm, LLC

20 S. Clark Street, 28th Floor
Chicago, IL 60603
312-256-872